UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GORDON D. EVANS,           )
                           )
     Petitioner,           )
                           )
vs.                        )     Case No. 4:05CV459MLM
                           )
DAVE DORMIRE,              )
                           )
     Respondent.           )

# ORDER

This matter is before the court on Petitioner's Motion for Appointment of Counsel. [Doc. 10]

Although there is no constitutional right to appointment of counsel in habeas corpus proceedings, Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994), the Eighth Circuit Court of Appeals has thoroughly discussed those circumstances in which the appointment of counsel is appropriate. Specifically, in Abdullah v. Norris, 18 F.3d 571 (8th Cir. 1994), the Eighth Circuit offered the following guidance:

> A magistrate judge or district judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2), (a)(2)(B) (West Supp. 1993). If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). If no evidentiary hearing is necessary, the appointment of counsel is discretionary.
>
> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. Battle [v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)]. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. See Habeas Rule 4. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. 18 U.S.C. § 3006A(a)(2); see also Battle, 902 F.2d at 702. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. See Battle, 902 F.2d at 702; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

**Id.**

The court finds, considering all of the above standards in conjunction with the claims raised by petitioner in his petition, that the appointment of counsel would not benefit petitioner and the court to such an extent that the interests of justice require the appointment of counsel. Moreover, the court finds that the petition of petitioner contains claims that are not legally complex or factually complex and that petitioner has demonstrated an ability to this point of being able to present his claim in a clear and concise fashion.

In the event that the court determines that a hearing is necessary to resolve petitioner's petition for writ of habeas corpus, the court will appoint counsel. However, at this time, the undersigned finds that petitioner is not entitled to the appointment of counsel pursuant to Abdullah, supra.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice. [Doc. 10]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd   day of June, 2005.

---

[1]The court is aware of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), which was signed into law by the President of the United States on April 24, 1996, and of Title I of that Act which significantly amends habeas corpus law. However, the Act does not amend the law with respect to the appointment of counsel. The Act merely provides that the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel as governed by 18 U.S.C. § 3006A. Title 18 U.S.C. § 3006A is discussed above by the Eighth Circuit in Abdullah.