UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


GORDON D. EVANS,                         )
                                         )
            Petitioner,                  )
                                         )
        v.                               )        No. 4:05 CV 459 DJS
                                         )                          DDN
DAVE DORMIRE,                            )
                                         )
            Respondent.                  )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

     This action is before the court upon the petition of Missouri state
prisoner Gordon D. Evans for a writ of habeas corpus under 28 U.S.C. §
2254.   This matter was referred to the undersigned United States
Magistrate Judge for review and a recommended disposition in accordance
with 28 U.S.C. § 636(b).   For the reasons set forth below, the
undersigned recommends denying habeas relief.


**BACKGROUND**

     On June 22, 1995,  before Circuit Judge Anthony J. Heckemeyer in
the Circuit Court of Scott County, petitioner Evans entered pleas of
guilty to murder in the second degree, armed criminal action, and
possession of a controlled substance.   (Doc. 15 Ex. A at 1-2, 26-28.)
The charges arose out of the shooting death of Amy Sue Morningstar on
November 27, 1994.   On July 27, 1995, petitioner Evans was sentenced to
two concurrent terms of life imprisonment and a third concurrent term
of seven years imprisonment.   ( Id. at 45.)


**PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF**

     Petitioner Evans alleges three grounds for relief in this habeas
action:

(1)  The state violated the plea agreement by the prosecutor
     recommending the life sentence, instead of not recommending any
     sentence as had been agreed. (Doc. 1 at 10.)

(2)  Petitioner was denied constitutionally effective assistance of
     counsel because plea counsel was not prepared to go to trial with

a defense that the killing was accidental. This placed petitioner in fear of going to trial with unprepared counsel which caused petitioner to plead guilty. ( Id. at 18.)

(3)    There was no factual basis for the guilty plea.  Petitioner was never read the charges against him, and there is no evidence petitioner had the requisite purpose to cause serious bodily injury which is required for second degree murder. ( Id. at 21.)


## ORIGINAL SENTENCING

On June 22, 1995, petitioner Evans signed a petition to enter a plea of guilty, which his attorney also signed.  In that document petitioner stated that he was 28 years of age, that he had 9 years of education, that he understood his right to remain silent, that he had received a copy of the charging Information, that he understood he was charged with second degree murder, that he discussed the charges with his lawyer and that petitioner understood them, that he told his lawyer all the facts of the incident, and that he was satisfied there was a factual basis for a plea of guilty by him. The petition, in part, also stated, "[the prosecutor] will not recommend a sentence in this case, but will agree that any sentence imposed against me as a result of my plea of guilty to [unrelated case] CR593-215FX will run concurrently with the sentence imposed [against] me in the above-referenced case, and concurrently with each other." (Doc. 15 Ex. A at 12-14.)  The petition was filed on June 22, 1995.  (Id. at 12.)  The  prosecutor did not sign the petition.  (Id.)

At the plea hearing, also held on June 22, 1995, at the request of the court, the prosecutor described what the state would prove at trial:

> Your Honor, back on November 27, 1994, approximately 10:45 in the evening, Amy Sue Morningstar was at the residence of the [petitioner] located at 419 Keeley Street in Scott City, Missouri.  There were other individuals there at the time including Mr. Evans, his wife, a young man named Timmy Williams.  Mr. Evans had been fooling round with a shot gun, came out of the bedroom with a loaded shot gun--with an unloaded shot gun, pointed it at Timmy Williams and asked him if it was a good day for him to die.  Mr. Williams was frightened of him.  He loaded the shot gun, pointed the shot gun at Amy Morningstar, and according to Mr. Williams, asked her if it was a good day to die.  She made some comment that

- 2 -

it didn't really matter at that point, her life wasn't really
going anywhere.  At that time, Mr. Evans shot her.

Scott City Police officers went to the residence and
found Miss Morningstar there.  She was taken by ambulance to
Cape Girardeau where she was pronounced brain dead that
evening or the next day in Cape Girardeau and the machines
were turned off at that point.

Mr. Williams originally told officers at the police
station that it was an accident and that Mr. Evans had been
cleaning his gun.  The officers who investigated the accident
thought that there was some inconsistency between the
physical evidence and between Mr. Williams' story.

Prior to re-questioning him, Timmy Williams went back
to the police station and stated he wanted to tell the truth
about what happened, and he told the story I previously
related, and that's basically the story he told at the
preliminary hearing.

(Id. at 24-25.)  In response to the judge, petitioner stated that the
prosecutor's statements were true.  (Id. at 25.)  When asked whether he
understood there was no plea bargain in the case other than the
sentences being concurrent, Evans replied, "Yes, sir."  (Id. at 25.)
When the judge later asked, "There are no plea bargains, other than all
of them [the sentences] will run concurrently?", petitioner again
answered, "Yes, sir."  (Id. at 26.)  Ultimately, the court accepted the
pleas of guilty.  (Id. 25-32.)

At the sentencing hearing, the prosecutor stated, "I think that
this is exactly the kind of case that you should sentence the defendant
to two life sentences."  (Id. at 44.)  Judge Heckemeyer subsequently
sentenced petitioner to two concurrent life sentences.  ( Id. at 45.)

## POST-CONVICTION RELIEF MOTIONS AND RESENTENCINGS

Petitioner filed an amended post-conviction relief motion under
Missouri Supreme Court Rule 24.035 on February 1, 1996.  Regarding
federal Ground I, the motion alleged the state failed to comply with the
plea bargain, ineffective assistance of counsel, and invalidity of his
guilty plea.  (Id. at 63-69.)  After a hearing, Circuit Judge David Dolan
made the following findings:

- 3 -

5.     The prosecutor did not violate its plea bargain with the [petitioner] because the only plea bargain that the State intended and that was elicited at the entry of the plea was the concurrence of the sentences.  There was no agreement that the prosecutor would "remain silent as to the length of the sentence."

6.     However, where [petitioner] claims he was misled as to the plea agreement and there is a reasonable basis for such misunderstanding, the movant is entitled to the plea bargain as he understood it. Rick v. State, 934 S.W.2d 601. [Petitioner's] petition to enter a plea of guilty included the words "the prosecutor will not recommend a sentence" and as such provides a reasonable basis for [petitioner's] misunderstanding of the plea bargain.

7.     Since the plea was voluntary and knowledgeable, justice does not require that [petitioner] be allowed to withdraw his plea.   The appropriate relief is for [petitioner] to get the plea bargain that he relied on in entering his plea. Proctor v. State, 809 S.W.2d 32.

8.     [Petitioner's]   mere   allegation   of   counsel's unprepared state is not grounds for any relief.   State v. Simmons, 825 S.W.2d 361.

### ORDER

Since [petitioner] had a reasonable [basis] (although incorrectly) to believe that his plea of guilty included a plea bargain whereby the prosecutor would make no recommendation as to the length of sentence, IT IS ORDERED that [petitioner's] sentence is set aside  . . . and the cause remanded for resentencing before a different judge and such further proceedings as are appropriate.

(Id. at 82-83.)

Judge Dolan subsequently re-sentenced petitioner, stating he intended to correct the mistakes that were made in the prior sentencing. He then resentenced petitioner to two concurrent life terms of imprisonment. (Id. Ex. H at 5-6.)

Regarding federal habeas Ground II, petitioner testified at the post-conviction motion hearing that before the guilty plea: his defense counsel never discussed any trial strategy or defense based on involuntariness of the shooting; that the defense investigator told him that she had interviewed the witnesses to the shooting; that he received the police reports of the incident; and that petitioner and his attorney

- 4 -

discussed the mandatory imprisonment period before eligibility for
parole. (Id. Ex. B at 6-24.)

On the post-conviction motion, Judge Dolan ruled that petitioner

presented no credible evidence of his counsel's alleged
failure to properly prepare or advise [petitioner] or that
such failure was prejudicial or would have caused [him] not
to enter his plea of guilty or resulted in a different
outcome.

(Id. Ex. A at 80.)   The court also stated, "[Petitioner's] mere
allegation of counsel's unprepared state is not grounds for any relief.
Proctor v. State, 809 S.W.2d 32 [(Mo. Ct. App. 1991)]."   (Id. at 81.)


The Missouri Court of Appeals affirmed Judge Dolan's finding that
there was no plea agreement that the prosecutor remain silent on the
length of sentence, and that petitioner had a reasonable basis for
believing that there was such an agreement.  The court ruled that if the
prosecutor would not agree to remain silent at the new sentencing as to
the length of sentence, then the circuit court had to vacate the
sentences and the convictions.  But if the prosecutor did remain silent
at the resentencing, then the circuit court should vacate only the
sentences and proceed to resentence petitioner.  Thereupon, the sentences
were vacated, the plea was not set aside, and the case was remanded for
resentencing before a judge from a different judicial circuit.  See Evans
v. Missouri, 28 S.W.3d 434, 439-41 (Mo. Ct. App. 2000).

Regarding federal habeas corpus Ground II, the Missouri Court of
Appeals affirmed Judge Dolan's denial of relief, because "the trial
court's findings of facts were not clearly erroneous and . . . no error
of law appears."  Id. at 438.

On May 23, 2001, petitioner was brought before Circuit Judge
William L. Syler of the Circuit Court of Cape Girardeau County, who
presided as a special judge in the Circuit Court of Scott County to
resentence petitioner.  In those proceedings, the prosecutor stated he
would remain silent about the sentencing of petitioner.  Judge Syler
overruled the motion of petitioner to vacate the convictions, by allowing
him to withdraw his guilty pleas, as well as the sentences.  The court
then allowed the father of the decedent to make a victim's statement

regarding sentencing.  Petitioner also made a statement to the court.
Judge Syler, after stating that he read the entire record of the case
very carefully,  sentenced petitioner to concurrent terms of life
imprisonment.  (Doc. 15 Ex. Q at 9-25.)

In a post-conviction motion and amended motion, petitioner  sought
to vacate the sentence and guilty plea.  He argued that the guilty plea
was involuntary, unintelligent, and unknowing, and that he was denied due
process.  More specifically, he alleges he was denied the benefit of the
plea bargain he reasonably believed he had, which included the prosecutor
making no recommendation at sentencing.  He alleged he was denied the
benefit of the plea bargain because the most recent sentencing judge
studied the entire record of his case, including the original
recommendation of the prosecutor for the life sentences.  Therefore, he
argued, he was not resentenced without a recommendation by the state, as
the Court of Appeals had ordered.  He argued, "Once that bell has been
rung, it cannot be unrung and the sentencing court will always be aware
of what the state's recommendation has been."  (Id. 31-39.)  The state
moved to dismiss the post-conviction proceedings (id. at 40-41) and that
motion was sustained.  (Id. at 30.)

Petitioner again appealed, and the Court of Appeals affirmed the
re-sentencing, concluding that the judge had made an independent
determination as to sentencing.  The court ruled, "Contrary to Movant's
assertion, a trial court is presumed not to have considered improper
evidence when sentencing a defendant."  Evans v. Missouri, 134 S.W.3d
725, 730 (Mo. Ct. App. 2004).


**DISCUSSION**

To qualify for federal habeas corpus consideration under § 2254,
a petitioner must have first fully exhausted all available state
remedies for each ground he presents in federal court.  See 28 U.S.C.
§ 2254 (b)(1)(A), (c).  However, the state can waive the exhaustion
requirement.  See 28 U.S.C. § 2254(b)(3)(2000).  In order to deem
exhaustion waived, the state must expressly waive claims in response to
the petition.  See Clemons v. Luebbers, 381 F.3d 744, 751 n.3 (8th Cir.

2004).  Respondent expressly conceded exhaustion on the alleged grounds.
(Doc. 13 at 5.)


**STANDARD OF REVIEW**

Habeas relief may not be granted by a federal court on a claim that
has been decided on the merits in state court unless that adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).  "A state court's decision is contrary to
clearly established law 'if the controlling case law requires a
different outcome either because of factual similarity to the state case
or because general federal rules require a particular result in a
particular case.'"  Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir.
1999) (quoting Richardson v. Bowersox, 188 F.3d 973, 977-78 (8th Cir.
1999)).  The issue a federal habeas court faces when deciding whether
a state court unreasonably applied federal law is "whether the state
court's application of clearly established federal law was objectively
unreasonable."  Williams v. Taylor, 529 U.S. 362, 409 (2000) (plurality
opinion).  The state court's factual findings are presumed to be
correct.  28 U.S.C. § 2254(e)(1); Whitehead v. Dormire, 340 F.3d 532,
536 (8th Cir. 2003).  Clear and convincing evidence that factual
findings lack evidentiary support is required to grant habeas relief.
Id.


**GROUND 1**

Petitioner alleges in Ground 1 that he was deprived of due process
when the prosecutor recommended a sentence during the first sentencing
hearing in violation of the plea agreement.  Petitioner alleges that the
judge in the final re-sentencing did not make an independent sentencing
decision because he reviewed the entire record which included the
prosecutor's original recommendation.  Petitioner was prejudiced by the

recommendation made by the prosecutor at the original sentencing. Petitioner alleges an additional re-sentencing will not cure the defect as any future judge would likewise review the entire record before imposing sentence.

In Santobello v. New York, 404 U.S. 257 (1971), the prosecutor failed to keep a guilty plea promise not to make any sentence recommendation. 404 U.S. at 258. The Supreme Court held:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by the petitioner, i.e., the opportunity to withdraw his plea of guilty.

Id. at 263 (footnote omitted).

In its most recent opinion, the Missouri Court of Appeals credited the exercise of discretion by the ultimate sentencing judge to resentence and not to allow petitioner to withdraw his guilty plea. The primary reason was that "a trial court is presumed not to have considered improper evidence when sentencing a defendant." Evans, 134 S.W.3d at 730.

Circuit Judge Syler, a circuit judge from a different judicial circuit as ordered by the Missouri Court of Appeals for the third sentencing, determined it was appropriate under the circumstances of the case to sentence petitioner as he did. As the Missouri Court of Appeals ruled on appeal, the law presumes the sentencing judge did not consider information declared legally improper for consideration, which in this case would be the prosecutor's recommendation. The record is clear from the statements made by Judge Syler that he followed the rulings of the Missouri Court of Appeals and his judgment in petitioner's case was affirmed. There is nothing in the record that indicates that Judge Syler considered the prosecutor's original recommendation as a substantial factor in his sentencing decision. Therefore, this court should defer to the findings of the Missouri Court of Appeals in this regard. 28 U.S.C. §2254(d).

Ground I is without merit.

**GROUND II**

Petitioner asserts in Ground II that he received constitutionally ineffective assistance of counsel because plea counsel was not prepared to go to trial and petitioner pleaded guilty only because he feared going to trial with unprepared counsel.

This ground is based entirely on the allegations of petitioner:

Counsel did not advise Mr. Evans about: the strength of the State's case; the strength of any defenses; whether counsel had interviewed witnesses, including Mr. Evans' grandmother who was present at the scene of the shooting; that a statement from Tim Williams was forged; whether counsel had received the transcript of the preliminary hearing; or whether Tim Williams, also present at the scene, should be deposed.

(Doc. 1 at 19.)

These allegations differ from paragraph 15 of Mr. Evans' petition to plead guilty in which he attests, "I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help he has given me." (Doc. 15 Ex. A at 15.) In addition, when asked by the circuit judge whether he was satisfied with his attorney's work, he replied, "yes, sir." (<u>Id.</u> at 23.) Further, Anne Kiske, one of petitioner's two plea counsel, attests in her written documentary Certificate of Counsel, "I have made efforts to secure information in the possession of the prosecution and law enforcement authorities." (<u>Id.</u> at 10.) Also, Mr. Evans attests in his petition to enter plea of guilty that he has not been "forced in any manner by anyone to get me to plead guilty." (<u>Id.</u> at 15.)

In order to prevail on a habeas petition for ineffective counsel, the Supreme Court requires that petitioner demonstrate that counsel's performance was unreasonably deficient and that the deficient performance actually prejudiced petitioner in that he would not have pled guilty. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

The record establishes that the decisions of the Missouri circuit court and the Missouri Court of Appeals that petitioner did not receive

constitutionally ineffective assistance of counsel were factually reasonable and in accordance with clearly established federal law.  The circuit judge who heard petitioner's testimony about the deficiencies of his plea counsel reasonably did not credit this testimony.  This credibility finding is supported by all the information that petitioner testified he actually received before the guilty plea proceeding, which included the police reports and speaking with the defense investigator.  Nothing in the record indicates that petitioner would not have pled guilty under the circumstances he alleged.

Ground II is without merit.


**GROUND III**

Petitioner asserts in Ground III that he was denied due process because he was never read the charges against him.  (Doc. 1 at 21.)  This allegation conflicts with petitioner's own admissions in his petition to plead guilty.  Petitioner attests in paragraph 3 of the petition that, "I received a copy of the Information and understand that I am charged with the crime of murder in the second degree.  I read the charge against me and have discussed it with my lawyer.  I fully understand every charge made against me." (Doc. 15 Ex. A at 12.)  Even if we ignore petitioner's previous words, the state court is not required to read charges to a defendant before a plea of guilty is entered.  <u>Santobello</u>, 404 U.S. at 262.

However, the state court is required to make a determination that there  is a factual basis to support a guilty plea.  <u>Id.</u>  The state court made this factual determination in petitioner's case.  (Doc. 15 Ex. A. at 1-2).  Petitioner contends that this factual determination is incorrect.  (<u>Id.</u>)  A factual determination made by a state court can be rebutted only by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1).  Petitioner contends that the evidence proffered does not show he had the purpose to cause serious bodily harm to the victim which is needed to support a plea of guilty to the charge of murder in the second degree.

There was an adequate factual basis for the guilty plea.  The statement by the prosecutor about what the state's evidence would prove,

quoted above, establishes that petitioner voluntarily loaded a shotgun, voluntarily pointed it at the victim, voluntarily asked the victim whether it was a good day to die, and, after the victim responded, petitioner pulled the trigger causing the death of the victim.  There is no clear and convincing evidence that petitioner lacked the requisite purpose to cause serious bodily harm.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the petition of Gordon D. Evans for a writ of habeas corpus be denied.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation.  The failure to file objections may result in a waiver of the right to appeal issues of fact.


　　　　/S/　　David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed on April 16, 2007.