**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GORDON D. EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:05CV459-DJS |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Gordon D. Evans has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his convictions by a plea of guilty to charges of murder in the second degree, armed criminal action, and possession of a controlled substance. The matter is now before the Court on the report and recommendation ("R&R") of the United States Magistrate Judge recommending denial of the petition, and on petitioner's objections to the R&R. As required by 28 U.S.C. §636(b), this Court gives *de novo* consideration to those portions of the magistrate judge's R&R to which objection is made. Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition may not be granted unless the state court's determination of a ground for relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d).

Petitioner's first ground for relief alleges that the state violated the plea agreement by recommending a life sentence, and that the error was not cured by resentencings in which different judges were aware of the initial recommendation and imposed the same life sentences. In its determination of petitioner's post-conviction motion, the circuit court found that the plea agreement consisted only of the prosecution's agreement to concurrent sentences, but that petitioner reasonably misunderstood the terms to include that the prosecution would not recommend a sentence. Resp. Exh. A, pp.82-3. Petitioner was granted the remedy of resentencing by a different judge (not once, but twice), during which the prosecution made no sentencing recommendation. Concurrent life sentences were again imposed.[1]

As his first objection concerning Ground 1, petitioner argues that the absence of the prosecutor's signature on the plea petition demonstrates that there existed no plea agreement and that because the agreement was illusory, he could not have knowingly and intelligently entered a plea of guilty. This argument in essence changes the basis of Ground 1 as pled in the §2254 petition, which presumes the existence of a plea agreement in order to argue its breach. In any event, the argument is unpersuasive. The "Petition to Enter Plea of Guilty" is a petition by the defendant in the

---

[1] The long and circuitous procedural history of the state court proceedings is set forth by the Missouri Court of Appeals in the last of its opinions in the case, Evans v. State, 134 S.W.3d 725, 726-729 (Mo.App. 2004).

criminal case, written in the first person as if by the defendant himself, and is not an agreement requiring or contemplating the signature of both parties. Resp. Exh. A, pp. 12-16. The plea agreement and its limited terms were reviewed by the Court with the petitioner at the time of the plea. Resp. Exh. A, p.25, ℓℓ.18-20, and p.26, ℓℓ.23-25.

Petitioner's next objection restates his contention that the resentencing judges' awareness of the prosecution's recommendation at the first sentencing fatally infected the remedy of resentencing. Although with juries, bells that cannot be "unrung" sometimes require an entirely new proceeding, the role and responsibility of judges are different. The on-going nature of judicial oversight, whether by a single judge or several, requires the judge's awareness of the prior history of a matter. Even had petitioner at some point been allowed to withdraw his guilty pleas, a later conviction by whatever means would have occasioned yet another sentencing in which the sentencing judge would have been or would have become -- entirely appropriately -- aware of the prior sentences and the prosecution's initial sentencing recommendation. Inappropriate bias on the part of the sentencing judge cannot be presumed from and is not demonstrated by such awareness. The Court rejects petitioner's objection as without merit.

Lastly as to Ground 1, petitioner challenges whether Judge Syler, in the final sentencing, meaningfully exercised his discretion to determine whether re-sentencing or withdrawal of the

3

guilty plea was the appropriate remedy. The objection appears to be based on an erroneous understanding of the procedural history, and is made based on a purported quotation from the final Court of Appeals' decision (<u>see</u> Objection [Doc. #22], p.2, ¶3), which language does not appear in that opinion. The remand that resulted in the final sentencing did not give such discretion to the sentencing court. Instead, the Court of Appeals directed that, if the prosecutor did not agree to remain silent as to the appropriate sentence, the convictions would be vacated, but that if the prosecutor did remain silent then only a resentencing would occur. <u>Evans v. State</u>, 28 S.W.3d 434, 441 (Mo.App. 2000). This history was in fact correctly stated in the final Court of Appeals opinion from which petitioner's objection offers the erroneous quotation. <u>Evans</u>, 134 S.W.3d 725, 728 (Mo.App. 2004).

In his second ground for relief, petitioner argues that his attorney rendered ineffective assistance of counsel because counsel's unpreparedness for trial caused defendant to plead guilty. In his objections concerning Ground 2, petitioner contends that his counsel misrepresented the preparation for trial in the "Certificate of Counsel" filed with the plea petition, and that his counsel demonstrated ineffectiveness by sending an inexperienced substitute to represent petitioner at his guilty plea. The state courts' rejection of this claim for lack of evidentiary support for petitioner's factual contentions about counsel's preparedness appears to be well-founded and an appropriate basis for the denial

4

of relief, and is not overcome by petitioner's objection offering still more conclusory assertions. As to the substitute attorney appearing at the plea, petitioner was asked at that time if he had "any problem with" her appearance on his behalf for purposes of the plea, and he replied that he did not. Resp. Exh. A, p.22.

Petitioner further contends that he was never asked his understanding of the plea agreement. Objections [Doc. #22], p.4, ¶4. The record directly belies this contention. At the plea proceeding, the Court twice asked petitioner whether he understood that there was no plea bargain in this case other than concurrency, and twice petitioner answered in the affirmative. Resp. Exh. A, p.25, ℓℓ.18-20, and p.26, ℓℓ.23-25.

Petitioner's third ground for relief is a contention that there existed no factual basis for his plea of guilty to second degree murder, in that the record did not support the element of purpose to cause serious bodily injury. At the plea, the prosecutor recited the facts, including that petitioner himself loaded a shotgun, then pointed it at the victim, asked her if it was a good day to die, and shot her. Resp. Exh. A, p.24. The court then asked petitioner if the prosecutor's statements were correct, and he agreed. This record amply supports the court's determination that there existed a factual basis for the plea. Id. at 30.

In his objections to the R&R, petitioner asserts that the elements of the second degree murder charge to which he pled were

5

never discussed with him.  At the plea proceeding, petitioner was asked whether he understood the charges against him, and he replied that he did.  Id. at 20.  After a thorough colloquy about the plea, the court asked petitioner whether there was "anything you don't understand or any question you have about anything that has happened since the beginning of this matter until now that you would like to discuss with me or your attorney," and petitioner responded that there was not.  Id. at 30.  The factual basis for the plea was made a matter of record at the time of the plea, and petitioner's attempts now to dispute the elements of the second degree murder offense are unavailing.

Finally, petitioner asserts in his objections that his counsel stated on the record that petitioner never meant to harm the victim, and argues that this was a declaration of innocence inconsistent with a plea of guilty to the charge, and should have prevented proceeding with the guilty plea.  No such statement was made by defense counsel at the guilty plea.  Petitioner appears to be referring to counsel's allocution made at the initial sentencing in this case.  The allocution did not dispute petitioner's guilt and expressly acknowledged that petitioner fired the gun that killed Amy Morningstar and was responsible for her death.  Resp. Exh. A, pp.39-40.  Reflecting on the role of petitioner's alcohol and drug use in the incident, defense counsel stated "this is not a case where he set out to harm Amy."  Id. at 41-42.  In its context, the statement was not intended to and did not dispute the

6

elements of the second degree murder charge to which petitioner pled guilty. The objection does not provide support for relief on Ground 3, and is overruled.

The Court has carefully considered the entire record, and is not persuaded that the state courts' adverse determinations of petitioner's grounds for relief were contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court. For all the foregoing reasons, and upon *de novo* consideration of the matters objected to, the Court concludes that petitioner has shown no right to relief pursuant to 28 U.S.C. §2254. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections [Doc. #22] are overruled, and the magistrate judge's report and recommendation [Doc. #19] is adopted.

Dated this ___24th___ day of March, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE